FILED
United States Court of Appeals
Tenth Circuit

April 13, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MATTHEW WURM,

     Plaintiff - Appellant,

v.

FORD MOTOR COMPANY,

     Defendant - Appellee.

No. 20-3126
(D.C. No. 2:18-CV-02322-HLT)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **MCHUGH**, Circuit Judges.
_____

This is a product liability case. Mr. Matthew Wurm was riding in a Ford truck when it crashed and rolled over, resulting in serious injuries. He sued Ford for a design defect and proffered testimony by two expert witnesses. One expert attributed the injuries to a crushed roof, and the other expert concluded that the truck's roof had been defectively designed.

---

[*]     Because oral argument would not materially help us decide the appeal, we base our decision on the briefs and appendix. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

In response, Ford denied a design defect, arguing that the force of the collision had caused Mr. Wurm to "dive" into the roof, which led to his injuries. Based on this argument, Ford moved for exclusion of the expert testimony and an award of summary judgment. The district court granted both motions.

Mr. Wurm challenges the rulings, and we affirm. Mr. Wurm hasn't adequately developed an argument that either ruling was wrong. Even without such an argument, however, we have independently reviewed the rulings and detect no error.

**1.** **Mr. Wurm proffered opinion testimony by two expert witnesses, and the district court excluded both.**

To support his allegations, Mr. Wurm retained two expert witnesses: Shawn Parcells and David McLellan. Ford moved to exclude their opinion testimony based on inadequate qualifications.

First, Mr. Wurm proffered expert testimony by Mr. Parcells, who had participated in autopsies while working as a pathology assistant; Mr. Parcells was to testify that Mr. Wurm's injuries had been consistent with a "roof crush" injury (caused by a design defect) rather than a "dive" injury (caused by the driver's or passenger's negligence). This testimony called for expertise in the cause of injury (biomechanics), reconstruction of Mr. Wurm's movements after the crash (occupant kinematics), and the risk of injury in an auto accident (epidemiology). The district court excluded Mr.

2

Parcells's testimony, reasoning that he lacked the qualifications required for expert opinions in these fields.

Second, Mr. Wurm proffered expert testimony by Mr. McLellan, a mechanical engineer who had worked as a chief engineer at General Motors. He was to testify about a design defect in the truck's roof. The district court concluded that Mr. McLellan had lacked the required qualifications and used an unreliable methodology.

Though Mr. McLellan had expertise in car design, the district court found that he lacked expertise on truck design, vehicle roof design, or rollover testing. The court also questioned his methodology. Mr. McLellan had relied on a 2005 Exponent Roof Crush Test performed on a later model of the truck, which contained a cab that was longer than the cab on the truck involved in the accident.

Mr. McLellan observed that the truck at issue and the trucks being tested had collapsed into similar V shapes. But Mr. McLellan did not explain how or why the V-shaped collapses had proven design defects. Nor could he compare the force involved in Mr. Wurm's crash with the force involved in the tests.

Based on the lack of relevant qualifications and a reliable methodology, the district court excluded Mr. McLellan's testimony.

3

**2.     The district court awarded summary judgment to Ford.**

With exclusion of both expert witnesses, Mr. Wurm lacked any evidence of causation or a design defect. With no such evidence, he conceded that the expert testimony was "integral to any possibility of recovery." Appellant's App'x vol. X, at 1242. The district court thus granted summary judgment to Ford.

**3.     Mr. Wurm waived an appellate challenge based on inadequate briefing in his opening brief.**

An opening brief must identify the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Issues not raised or inadequately presented in an appellant's opening brief are considered waived. *See Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019).

In his opening brief, Mr. Wurm does not explain how the district court erred in excluding the two expert witnesses or in granting summary judgment. In a "statement of applicable law," Mr. Wurm asserts eight legal propositions:

1.     A "pattern of injury" should be considered a viable method to prove the mechanics of an injury.

2.     In another case, a court allowed opinion testimony from an expert witness who had experience in "forensic biomechanics occupant kinematics."

4

3. Expert testimony must be relevant and reliable.

4. Expert witnesses should not be allowed to testify if they lack qualifications in the relevant field.

5. Kansas's pattern jury instructions provide that when two expert witnesses have the required expertise but differ in their credentials, the jury should be allowed to weigh the expert testimony.

6. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), an expert witness can testify regarding an alternative design without constructing a model.

7. A duty to warn may arise after the sale took place.

8. An expert opinion on causation need not involve a "scientific absolute."

Appellant's Opening Br. at 7–11. Mr. Wurm then provides a factual statement, recites the standard of review, and says how a defective condition can be proven under Kansas law.

Though Mr. Wurm asserts eight legal propositions, provides a factual statement, recites the standard of review, and says how he could prove a defective condition, he never states in his opening brief how the district court erred in excluding the two expert witnesses or in granting summary judgment. He thus waived all issues in his opening brief.

**4. Mr. Wurm's new arguments in his reply brief are too late and inadequately developed.**

In his reply brief, Mr. Wurm

• argues that the exclusion of the expert testimony violated his Seventh Amendment right to a jury trial and

5

- urges application of the purported "gimlet eye test" from *Lee v. Max International, LLC*, 638 F.3d 1318 (10th Cir. 2011).

This argument bears three defects. Mr. Wurm raised the argument for the first time in his reply brief, which was too late. *Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1236 n.2 (10th Cir. 2016). And he does not say

- how exclusion of expert testimony violated the Seventh Amendment or

- what the "gimlet eye test" is or how it applies.

For these reasons, we decline to consider this new, inadequately developed argument.

**5.    After independently evaluating the rulings, we see no error.**

We ordinarily "decline to reach the merits of waived issues." *See United States v. Walker*, 918 F.3d 1134, 1151 (10th Cir. 2019). But "even when a party waives an issue, our precedent affords us 'discretion to raise and decide issues sua sponte, even for the purposes of reversing a lower-court judgment,' because '[w]aiver . . . binds only the party, not the court.'" *Margheim v. Buljko*, 855 F.3d 1077, 1088 (10th Cir. 2017) (alterations in original) (quoting *Planned Parenthood of Kan. & Mid-Mo. v. Moser*, 747 F.3d 814, 837 (10th Cir. 2014)). This Court will "revers[e] sua sponte only when the circumstances are exceptional." *United States v. Tee*, 881 F.3d 1258, 1269 (10th Cir. 2018). This case does not present an extraordinary circumstance to justify sua sponte reversal.

6

**A.    The court didn't err in excluding expert testimony.**

After independently reviewing the exclusion of expert testimony, we conclude that the district court acted within its discretion.

**1.    The abuse-of-discretion standard applies.**

If Mr. Wurm had developed an argument on the exclusion of expert testimony, we would review for an abuse of discretion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The district court has "broad discretion . . . in deciding how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003).

In applying the abuse-of-discretion standard, we consider whether the district court "present[ed] an explanation for its choice sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) (quoting *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1310 (10th Cir. 2007)). A court abuses its discretion when the ruling is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994)).

## 2. The court acted within its discretion.

*Mr. Parcells.* The district court properly considered Mr. Parcells's education and professional history in concluding that he lacked the required qualifications. His education reflected extensive study in life sciences, anatomy, and physiology; and his primary work experience involved autopsies. But Mr. Parcells has no professional license and is not a doctor, chiropractor, or engineer. The court thus acted reasonably in finding inadequate qualifications in biomechanics, occupant kinematics, and epidemiology.

*Mr. McLellan.* According to our precedents, a witness with general expertise on a particular subject matter does not necessarily qualify to opine on issues requiring specific expertise. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (cautioning that possession of a medical degree "is not sufficient to permit a physician to testify concerning any medical-related issue"); *Ho v. Michelin N. Am., Inc.* 520 F. App'x 658, 663 (10th Cir. 2013) (concluding that the district court did not err in excluding opinion testimony from an expert witness who had failed to tie general experience in the tire industry to the pertinent opinions).

Mr. McLellan's testimony involved opinions regarding the structure, design, and safety of the truck's roof. But Mr. McLellan conceded that he had never

- worked on truck design or vehicle roof structures or

- performed intentional rollover tests.

The district court thus acted within its discretion in concluding that Mr. McLellan lacked the required expertise for his opinion testimony.

The district court also found four flaws in Mr. McLellan's methodology. First, he didn't explain how the 2005 Exponent Roof Crush Test had established a design defect. Second, he couldn't compare the force in Mr. Wurm's accident to the force involved in the 2005 test. Third, the 2005 test used a truck with a differently designed cab. Finally, Mr. McLellan did not know the roof strength of the truck at issue or how it compared to the roof strength of other trucks or to industry standards.

Given Mr. McLellan's lack of relevant expertise and questionable methodology, we conclude that the court acted within its discretion in excluding Mr. McLellan's expert testimony.

**B.     We also uphold the grant of summary judgment to Ford.**

Following the exclusion of this opinion testimony, the district court properly granted summary judgment to Ford. Mr. Wurm had opposed summary judgment based solely on expert testimony, and he didn't identify a genuine dispute of material fact once his expert testimony was excluded. We thus see no error in the award of summary judgment.

9

**6.    Conclusion**

We affirm. The district court acted within its discretion in excluding the expert testimony, and Mr. Wurm did not argue in district court or on appeal that he could avoid summary judgment without expert testimony. The absence of expert testimony thus required the award of summary judgment to Ford.

Entered for the Court


Robert E. Bacharach
Circuit Judge